## C. HILDENBRAND & CO. v. JOHN MARSHALL, JR.

Decided July 3, 1902.

**1.—Master and Servant—Negligence—Minor.**

Negligence can not be predicated alone upon the act of the master in setting a minor servant to do work not within the scope of his employment, and though such work is more dangerous than that for which he was employed, yet the mere fact of directing him to do it does not itself make the master liable for a resulting injury unless, under all the circumstances, it was negligence on the master's part to so direct.

**2.—Same—Personal Injury—Pleading—Assumed Risk.**

Where, in an action for injury to a minor employe by being thrown by falling lumber against a saw, the petition shows that the negligent piling of the lumber was the proximate cause of the accident, it is still proper, in the development of the facts, as bearing on the assumption of risk, to allege and prove that his father had contracted with the employer for his doing other and less dangerous work, and that without warning he had been ordered into a dangerous place to do the work in question.

**3.—Same—Obvious Danger.**

Although the lumber which fell on the minor while, by direction of the foreman, doing different work from what he was employed to do, was negligently piled, yet recovery can not be had for the injury if, considering the minor's age and intelligence, he was not exercising proper care, or the danger was obvious.

**4.—Same—Evidence—Injury to Capacity to Work.**

In an action by a minor for personal injury, evidence as to his present condition with reference to his injury and capacity to work is admissible on the question of permanent injury, its effect being limited by the charge to the time after plaintiff becomes of age.

Appeal from the District Court of Galveston County. Tried below before Robert M. Franklin.

*Moritz Kopperl* and *Wm. T. Austin,* for appellants.

*Marsene Johnson* and *John C. Walker,* for appellee.

GARRETT, CHIEF JUSTICE.—This action was brought by John Marshall, Jr., a minor, by his father as next friend, against Otto Haase, doing business as C. Hildenbrand & Co., to recover damages for personal injuries received by the plaintiff while in the employ of the defendant in a planing mill. The injuries were the loss of three fingers of the plaintiff's right hand cut off by a circular saw. The cause was tried by jury and resulted in a judgment in favor of the plaintiff for the sum of $1500. The plaintiff was 19 years of age, of average intelli-

gence, and had been employed in the defendant's planing mill nine days when he was injured. The saw was set in a table or bench about three feet high, and projected above the plane of the table at the time of the accident about three inches. Defendant's foreman, Dingeman, was operating the saw and was ripping up material for blinds. In doing this work the lumber when cut would be put aside to be moved and the strips and saw dust would fall to the floor. Dingeman called the plaintiff to him and instructed him to move the accumulated material, and while so engaged in some manner the plaintiff's hand came in contact with the saw. The petition alleged that it was understood between plaintiff's father and the defendant that plaintiff was to be a general helper about the mill and should not be put to work about dangerous or moving machinery; that plaintiff was totally inexperienced as to machinery and the work he was required to do, and that such fact was known to the defendant and his vice-principal and agents at the time of his employment. The grounds of negligence alleged against the defendant were (1) that he required the plaintiff to go into an unsafe place to work without warning him of the danger; (2) that he was required to work at the saw contrary to the terms of employment as understood by his father; and (3) that defendant negligently allowed a pile of lumber to be made in a dangerous manner, which fell upon plaintiff while he was engaged in carrying out the order of defendant's foreman and caused him to fall against the saw. The defendant answered by general demurrer and also by special exception to the acts of negligence alleged other than that of the negligent piling of the lumber, because that appeared from the allegations of the petition to have been the proximate cause of the injury. Defendant also pleaded the general denial and contributory negligence in attempting in a negligent and careless manner to remove a piece of lumber from a bench where a circular saw was in operation in full view of plaintiff.

The first three assignments are grouped and predicate error in the action of the court in overruling the special exceptions of the defendant, the contention being that it appeared from the petition that the alleged negligence in permitting the accumulation of the lumber negligently piled, the falling of which against the plaintiff caused him to be injured, was the proximate cause of the injury, and that the other grounds of negligence alleged should have been stricken out on account of their remoteness. The allegations and evidence with regard to the direction of the plaintiff to do work not within the agreement made with his father were proper in the development of the facts of the case and showing the application of principles to a case where a servant has been directed to do work outside of the scope of his employment. No negligence can be predicated upon such act alone. The same duty of warning rests upon the master, but the same presumption of competency to apprehend and avoid all dangers that may be discovered by ordinary care does not apply against the servant in mere temporary work outside of the employment. Bailey's Master's Liability, p. 220, et seq. The

mere fact that the minor is set at a more dangerous class of work than that for which he was originally employed does not make the master liable for injuries sustained by the minor unless under all the circumstances it was a negligent act on the part of the master. 14 Am. and Eng. Enc. of Law, 899. The acts of negligence were well pleaded, and notwithstanding the fact that proof of the existence of the ground alleged in the negligent piling of the lumber would show it to have been the proximate cause, still it was proper to allege and offer evidence in support of the other grounds of negligence, for the evidence might not to the minds of the jury have been sufficient to sustain the last alleged ground. Hence there was no error in overruling the exceptions. From what has been said it appears that we think also that there was no error in allowing the father of the plaintiff to testify as to the terms of the employment. The evidence not only tends to show that the defendant may have been negligent in permitting an inexperienced youth to work about a circular saw, but it bears upon the question of assumption of risk as above indicated.

Special instruction number 3 requested by the defendant ignored the theory of the case that the injury to the plaintiff was caused by the falling of the pile of lumber upon him and throwing him against the saw, and was properly refused. It is correct as a principle of law that although the plaintiff was instructed by the defendant's foreman to remove the piece of lumber from against the saw, yet if the danger to be incurred in performing the act was open and obvious to the plaintiff and he was of sufficient intelligence to understand the danger, he assumed the risk of obeying the instructions. But the requested instruction did not stop with the enunciation of the principle, but instructed the jury to return a verdict for the defendant if they found that the danger was open and obvious and the plaintiff was of sufficient intelligence to understand it without reference to the other facts.

The defendant also requested the following special instructions which were refused by the court, and the refusal has been assigned as error:

"7. If you believe plaintiff was injured by reason of some timber or lumber falling against or upon him and throwing him upon the saw, and if you find that the condition in which same was piled up was open and obvious to plaintiff, and considering his age and intelligence he should and ought to have known the danger, if any, surrounding him at the time, and if you believe that the plaintiff, considering the circumstances surrounding him at the time, was not exercising such care and prudence in doing or undertaking to do the work at which he was engaged, that would or should ordinarily be exercised by a person of like age and intelligence of plaintiff under similar circumstances, then plaintiff can not recover, even though the plaintiff at the time was following the instructions of defendant's foreman, and in such case you will find for the defendant."

"15. If you believe the plaintiff was injured by reason of some pieces of lumber or timber falling against him and throwing him upon

the saw, which lumber or timber was lying or piled up to the side or back of where plaintiff was at work, and if you find that the condition and manner in which said lumber was piled up was open and obvious to plaintiff, and if you believe that plaintiff was of sufficient intelligence and understanding to comprehend and know, and ought to have known, considering his age and intelligence, the danger, if any, surrounding him, then plaintiff can not recover anything in this case, even if defendant was at fault and negligent in allowing the lumber or timber to be piled up and remain in the manner it was at the time, and in such case you will return your verdict for the defendant."

Both of these instructions should have been given. They are directly applied to the evidence in the case, and in view of the general character of the charge of the court the defendant had the right to have his defense given in a concrete form. The plaintiff was a boy of average intelligence, and from the facts in evidence showing the situation of the bench and saw and the accumulation of the pieces of lumber and the noise that would be produced by the operation of the saw, the defendant was entitled to have the issue of obvious danger and the plaintiff's care to avoid injury submitted, and to have the jury instructed that if the danger was obvious and the act of the plaintiff would be otherwise negligent, the order of defendant's foreman to him to remove the piece of lumber, even if given, would not render the defendant liable. The action of the court in modifying two instructions given at the request of the defendant is complained of. While the question is not presented in such form that we could reverse the judgment for any error in that respect, there being no bill of exception and nothing to show the action of the court except a marginal note made by the clerk, we desire to reiterate that the practice of modifying charges is objectionable. The modification in the twentieth special instruction, which was given, shows that the court must have had an erroneous view of the law of the case, since it obviously makes the defendant liable if the plaintiff had been ordered to move the piece of lumber, without reference to the care exercised by the plaintiff or the obviousness of the danger. There was no error in the admission of evidence as to the present condition of the plaintiff with reference to his injuries and capacity to work. It is not seen how such testimony was not pertinent to the inquiry of permanent injury. Its effect was properly limited by the court in the charge to the jury to the time after the plaintiff should have become of age. We do not think there is any other question presented that needs consideration.

For the error indicated, the judgment of the court below is reversed and the cause is remanded.

*Reversed and remanded.*